MARTIN T. HOLLIS, executor, and FRANCES E. HOLLIS, executrix, plaintiffs in error, *vs.* CALVIN CALHOUN, defendant in error.

1. It may well be doubted whether the 5th section of the relief act of 1868, which declares that in all suits under that act, "both parties" shall be competent witnesses, was intended to repeal the act of 1866, which declares that where one of the original parties to the contract or cause of action in issue or on trial is dead, the other party should not be admitted to testify in his own favor.

2. Where one of the parties to the contract or cause of action in issue or on trial is dead, the other party is not a competent witness in his own favor, even though the deposition of the deceased may be in court: *Aliter*, if such deposition is read.

Witness. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1874.

For the facts, see the decision.

MARION BETHUNE; E. H. WORRILL; G. N. FORBES, for plaintiffs in error.

BLANDFORD & GARRARD, for defendant.

WARNER, Chief Justice.

The plaintiffs brought their action against the defendant on two promissory notes for $600 00, dated in 1860, due 25th December of the same year, payable in gold or silver. On the trial of the case the defendant was offered as a witness to

Hollis and Hollis *vs.* Calhoun.

prove a tender of Confederate money to the plaintiffs' testator, Richard Hollis, and also to prove a payment of $100 00 in gold to said testator, in full accord and satisfaction of the debt. To the introduction of this evidence of the defendant .the plaintiffs objected, on the ground that their testator, Richard Hollis, was dead. The court overruled the objection and allowed the defendant to testify in his own favor, whereupon the plaintiffs excepted.

1. It was admitted that the interrogatories of Richard Hollis had been taken in the case during his lifetime, and were then in court, but were not offered in evidence by the plaintiffs. It may well be doubted whether the fifth section of the act of 1868, which declares that in all suits under that act "both parties" shall be competent witnesses, was intended to repeal the act of 1866, which declares that where one of the original parties to the contract or cause of action in issue or on trial is dead, the other party shall not be admitted to testify in his own favor. The act of 1868 evidently contemplates that "both parties" when in life, shall be competent witnesses. But be that as it may, the defendant in this case was only a competent witness, under that act, to prove the tender of Confederate money, which would not have been any legal defense to the plaintiff's action.

2. In our judgment the defendant was not a competent witness to prove an accord and satisfaction of the plaintiff's debt made with their testator, in his lifetime, he being dead. The fact that the testator's interrogatories had been taken in his lifetime, and were in court but not read in evidence by the plaintiffs, did not make the defendant a competent witness to testify in his own favor. If the interrogatories of the testator had been *read in evidence* by the plaintiffs, then the defendant could have testified in. his own favor, as was held in *Monroe vs. Napier*, 52 *Georgia Reports*, 385. The admission of the testimony of the defendant to prove an accord and satisfaction of the debt with the testator in his lifetime, he being dead, was error.

Let the judgment of the court below be reversed.