Filed Sept. 20, 1894.

---

No. 1,374.

## COBLE *v.* McCLINTOCK, EXECUTOR.

WITNESS.—*Action by Executor.—Deposition of Deceased Party.—Putting in Evidence.—Competency of Adverse Party.*—Under section 498, R. S. 1881 (section 506, R. S. 1894), the adverse party to an action in which an executor or administrator is a party, is competent to testify as to matters embraced in a deposition of the decedent on file in the case, and which can be used as evidence, and to bring the deposition and its contents to the knowledge of the court, and to enable such party to testify as to the matters therein, it is proper for him to put it in evidence if the other side fails to do so.

From the Carroll Circuit Court.

*L. D. Boyd,* for appellant.

*C. A. Cole, L. Walker* and *W. B. McClintic,* for appellee.

REINHARD, J.— Eliza M. Shirk, in her lifetime, brought this action against the appellant on a certain contract alleged to have been executed in her behalf by her husband, and between him and said Coble. Mrs. Shirk died pending the action, the appellee as her executor was substituted as plaintiff, and filed a supplemental complaint. Upon issues joined, there was a trial, finding and judgment for the appellee.

The first error assigned and relied upon is that the complaint does not state facts sufficient to constitute a cause of action. This assignment is predicated upon the assumption, as we gather from the briefs, that no supplemental complaint was filed, and that the plaintiff being dead, no judgment in her favor could be valid. The supplemental complaint having been brought into the record by writ of *certiorari*, we take it that this objection has been obviated. In the appellant's reply brief, which was filed since the return of the writ of *certiorari*, and the filing of the transcript of the supplemental complaint, no objection is pointed out to the latter, and we must therefore regard any question upon the insufficiency of such complaint as waived.

The only remaining specification of error is the overruling of the appellant's motion for a new trial. Under this head, it is urged that the court erred in excluding certain testimony and sustaining an objection to the competency of the appellant as a witness in his own behalf. The appellant was placed upon the stand and asked the following question by his counsel: "What is the fact about Mrs. Eliza M. Shirk, or what direction did Mrs. Shirk give to you with reference to constructing and repairing and putting in a new water-wheel at the mill in controversy?"

To this question objection was made on the ground that Eliza M. Shirk was dead, and that the appellant was

thereby rendered incompetent to testify in relation to the matter asked of him. The appellant thereupon offered to prove that the decedent in her lifetime had authorized him to do the work set out in the answer, but the court adhered to its ruling and excluded the testimony. It appears that a deposition of the decedent, taken in her own behalf, after the action had been instituted by her, was on file with the papers in the cause, in which the decedent had testified that she had given the appellant no authority, at any time, to do the work mentioned, at her expense, which was not included in a settlement that had been made between them. The deposition was not introduced or offered in evidence by the appellee, in whose behalf, or in behalf of whose decedent, it had been taken. To bring the fact that the deposition was on file, and was regularly taken, and its contents, to the knowledge of the court, the appellant himself placed the deposition in evidence, and it was admitted over the appellee's objection, and exception. Under these circumstances, did the court err in excluding the proposed testimony of the appellee; or, rather, did the fact that the decedent's deposition was on file, and available as evidence for the appellee, render the appellant a competent witness as to the matter contained in such deposition?

The section of the statute which must control this question provides that in suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: *Provided, however,* That in cases where the deposition of such decedent has been taken,

or he has previously testified as to the matter, and his testimony or deposition *can be used* as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matter embraced in such deposition or testimony. R. S. 1894, section 506 (R. S. 1881, section 498).

It is admitted that the appellant was not a competent witness in his own behalf, under the above section, unless he was rendered competent by reason of the fact that the deposition of the decedent was on file, and could be used as evidence in appellee's favor.

The general rule is that all parties are competent witnesses in their own behalf. The statute above cited makes an exception to this rule in cases where one of the parties is dead and his place is occupied by his executor or administrator. In such a case, death having sealed the lips of one of the parties to the transaction, the law closes the mouth of the living party. The evident purpose of the law is to prevent the living party from exercising an undue advantage over the estate of the deceased party. The provision is a wise one, and should receive strict enforcement at the hands of the courts. The plain dictates of public policy demand such a safeguard, for if it were once understood that any person asserting a claim against the estate of a dead person could prove the same by his own testimony, it would be a standing inducement for the commission of perjury, and such estates would be at the mercy of unscrupulous claimants until after final settlement. These are undoubtedly the reasons that prompted the law-making power to enact this and other similar statutes. But no such reasons exist when the decedent has given his version of the transaction out of which the claim has grown. When the testimony of the deceased party has been perpetuated in a manner that it may be made available to

his estate, it places both parties on the same level before the tribunal.  It is the same as if the party against whose estate the claim is prosecuted were still among the living, for he is to all intents and purposes still a competent witness in relation to the matters embraced in his testimony, and if his representative do not see proper to avail himself of such testimony, it furnishes no greater reason for excluding the living party from the stand than if the decedent were living and had failed to testify in his own behalf.  Hence the Legislature has added the proviso, and wisely so, we think, that in cases where the decedent has testified or deposed, and his testimony or deposition can be used in favor of the estate, the adverse party is also competent to testify as to the matter embraced in such decedent's testimony or deposition.

This plain and sensible provision of the statute we have neither the power nor disposition to change by construction.  To do so would be doing violence to the evident purpose, as well as the unmistakable letter of the law; would place the claimant at a decided disadvantage, and might operate to defeat a just and honest claim due him from such estate.  The law only designs to place both parties upon an equal footing, in so far as it is possible to do so, and this is fully accomplished when both are given the same opportunity of placing the facts before the tribunal.

The learned counsel for the appellee earnestly contend, however, "that the proviso referred to makes the adverse party a competent witness only when the deposition or testimony has been actually read in evidence on behalf of the executor or administrator; that is to say, that the words, 'can be used,' should be read 'shall be used;'" and that "the substitution of such words as 'can,' 'may,' 'shall,' etc., the one for the other, when

such a reading is necessary to give a reasonable construction to a statute, is a familiar rule of judicial construction.''

While it is true that such a construction is warranted, and even required in many cases, we do not regard this as such a case, for the abundant reason, as we conceive, that the construction contended for would not render the proviso any more rational than it will be by giving it its literal, as well as what seems to us its intended, interpretation.

Nor do we think the difficulties suggested by counsel will follow the construction that we place upon the statute. We agree with the appellee's counsel, and with the learned trial court, that the latter is not bound to take notice of the fact that such a deposition is on file, or is in a condition to be used by the executor as evidence, but we see no good reason why these facts may not be brought to the knowledge of the court by the claimant or the party adverse to the estate, and the easy and simple way to do this, it seems to us, is for such party himself to offer the deposition in evidence, in case the executor or administrator fail to do so, as was done in this case. It seems to us that this is an effective way of getting the deposition in the record, and it also gives the estate the full benefit of the decedent's version of the transaction in controversy, and to this the representative of the decedent is certainly in no position to object. If, then, the deposition or testimony proves to be of such a character as that it could have been used by the estate, we think the adverse party may testify. We quite agree with appellee's counsel that an incompetent party can not, as a general rule, render himself competent to testify by calling the opposite party as his own witness, although such opposite party is also incompetent. But here it is not the calling of the opposite party, or even the introduc-

tion in evidence of the decedent's deposition, that makes
the claimant a competent witness, but it is the fact that
the decedent's evidence is in existence and available to
the estate, albeit such fact can be made to appear only
by the affirmative act of the claimant in introducing the
deposition himself as matter of preliminary proof.    We
think when it is made to appear that the decedent has
testified in a manner known to the law, and that his tes-
timony is available to his estate, the reason for closing
the mouth of the living party has ceased to exist, and
when the reason ceases the rule should cease also; hence
we have not only the plain letter of the statute, but rea-
son, also, in its favor.

We do not find any case in which our courts have
ruled upon the identical question now before us.    The
act of March 11th, 1867 (2 R. S. 1876, pp. 133, 134),
which, as appellant's counsel says, was the predecessor
of the present statute, provided in the second section
that the adverse party might testify if the decedent's
deposition had been taken and was then on file.    In
ruling upon that statute the Supreme Court made use of
this language:    "The deposition of the deceased Mrs.
Hatton was used in evidence, and we think made the
testimony of the appellee admissible.    The appellee's
testimony was only upon material points and matters of
fact embraced in the deposition." *Hatton, Exr.*, v. *Jones*,
78 Ind. 466.

The appellee seems to place some reliance upon this
language as tending to support his contention, but we
think it needs no argument to show that there is no foun-
dation for such an assumption.    Appellee's counsel have
directed our attention to some decisions in other States
holding that it is only after the deposition or testimony
of the decedent has been introduced in evidence on be-
half of the executor or administrator, that the competency

of the adverse party is established, and then only as to the matters embraced in such deposition or testimony. *McIndoe* v. *Clarke,* 57 Wis. 165; *Hollis* v. *Calhoun,* 54 Ga. 115; *Monroe* v. *Napier,* 52 Ga. 385; *Miller* v. *Adkins,* 16 N. Y. 9.

But an examination of the statutes upon which those cases are predicated discloses that those statutes are widely different from our own, and do not contain any provision making the party adverse to the estate a competent witness in any case where the decedent's testimony has been taken and can be used. The cases cited, therefore, give no support to the appellee's contention. Nor can we admit the correctness of the counsel's statement that the deposition is the private paper of the party at whose instance it was taken. When such a document has been placed on file it is, properly speaking, *in custodia legis,* and the court has full control over it. It may be introduced by the adverse party. *Woodruff* v. *Garner,* 39 Ind. 246.

Our conclusion is that the appellant, after reading the decedent's deposition in evidence, was a competent witness, and should have been permitted to testify concerning the matters contained in such deposition.

Judgment reversed, with directions to sustain the appellant's motion for a new trial.

Filed Sept. 18, 1894.