Statement.

## Staunton.

HARRISON & BYRD v. WISSLER.

SEPTEMBER 27, 1900.

Absent, Riely, J.

1. CONSTRUCTION OF STATUTES—*Ordinary Meaning—"May" and "Must."*—In construing Acts of Assembly, the words used should receive their ordinary meaning, unless it can be seen that the Legislature intended that they should receive a broader or narrower signification. The word "may" should not be construed to mean "must," unless the clear policy and intention of the Legislature demands it.

2. CONSTRUCTION OF STATUTES—*Revision of Laws—Changes—Presumption.*—When there has been a general revision of the laws, the presumption is that the old law was not intended to be changed, unless a contrary intention plainly appears in the new.

3. VENUE—*Suit by Circuit Judge—Section 3214 of Code.*—The word "may" in clause seven of section 3214 of the Code is permissive only; and, although a circuit judge may sue in any county or corporation in an adjoining circuit, he is not precluded from suing in the circuit court of any county or corporation in his own circuit in which any of the defendants reside.

Error to a judgment of the Circuit Court of Clarke county, rendered July 10, 1900, in an action of *assumpsit,* wherein the plaintiffs in error were the plaintiffs, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Marshall McCormick* and *Conrad Kownslar,* for the plaintiffs in error.

*Barton & Boyd*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action was instituted against the defendant in error in the Circuit Court of Shenandoah county, where he resided, by the plaintiffs in error, one of whom was then, and still is, the judge of that court. A plea to the jurisdiction of the court was filed, and the cause removed by an order in vacation to the Circuit Court of Clarke county, where two pleas to the jurisdiction of that court were filed. Upon the hearing, the pleas were sustained, and the action dismissed.

The question involved in this writ of error to that judgment is whether a judge of a circuit court can bring an action or suit in the circuit court of any county or corporation in his circuit in which the defendant resides, or can only bring such action or suit in some county or corporation in an adjoining circuit.

The provisions of law, so far as they affect this question, are found in sections 3214 and 3215 of the Code. The former section was amended and re-enacted by acts approved February 14 and March 3, 1900 (Acts 1899-1900, chapters 329 and 736), but the amendments made do not affect the question involved in this case.

Section 3214, so far as applicable to this case, provides that "Any action at law, or suit in equity, except where it is otherwise specially provided, may be brought in any county or corporation:

First. Wherein any of the defendants reside;

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Seventh. If a judge of a circuit court be interested in a case, which, but for such interest, would be proper for the jurisdiction of his court, the action or suit may be brought in any county or corporation in an adjoining circuit."

By section 3215 of the Code, "an action may be brought in any county or corporation wherein the cause of action, or any

part thereof arose, although none of the defendants reside therein," subject to the limitations prescribed by section 3220 of the Code.

Under the provisions of these sections the judge of a circuit court may sue the defendant in the county or corporation in which the latter resides, or in which the cause of action, or any part thereof, arose, or in any county or corporation in an adjoining circuit, unless the word "may" in the seventh clause of section 3214 be construed as imperative and not permissive, as if it were written "shall" or "may only," as is contended by the counsel of the defendant in error, and as was held by the trial court.

The object of all interpretation and construction is to ascertain the legislative intent, and, in order to do this, the general rule is that words must receive their ordinary meaning, unless it can be seen that the Legislature intended that they should have a more enlarged or a more limited signification. In the case of *Thompson* v. *Carroll*, 22 How. 422, 434, Mr. Justice Greer, in discussing the question when the word "may" should be construed "must," said: " It is only where it is necessary to give effect to the clear policy and intention of the Legislature that such a liberty can be taken with the plain words of a statute." And in *Minor* v. *The Bank*, 1 Peters, 46, 64, Mr. Justice Story, in considering the same subject, said: " Without question such a construction is proper in all cases where the Legislature meant to impose a positive and absolute duty, and not merely give a discretionary power. But no general rule can be laid down upon the subject further than that that exposition ought to be adopted in this, as in other cases, which carries into effect the true intent and object of the Legislature in the enactment. The ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provisions." Sutherland on Stat. Construc., secs. 460-462; Sedgwick on Const. of St., pp. 375-377.

In determining what is the proper construction of the clause under consideration, we may, I think, be aided by a reference to previous legislation on that subject.

We have not access here to the statute law of the State prior to the Code of 1819. Under the provisions of that Code, an action or suit might be instituted in the court where the defendant resided, or where the cause of action arose (chapter, 128, section 41), and if either of the judges of the general court was interested in any suit which, in the case of any other person, would have been proper for the jurisdiction of such judge, it was provided that " it shall be lawful to institute such suit in any court within an adjacent circuit." Chap. 69, sec. 53; 1 Rob. Pr. (old), 19, 20. When the revision of our laws was made in 1849, the several statutes providing where actions or suits should be commenced were gathered together and placed in chapter 169 of the Code of 1849.

In the fifth clause of section 1 of that chapter, which is identical with the seventh clause of section 3214 of the Code of 1887, the revisors, instead of using the words " it shall be lawful," as in section 53 of chapter 69 of the Code of 1819, substituted the word "may." It would hardly be contended that the words " it shall be lawful " in that section were imperative, and meant "must" or "shall" or "may only." Those words, in a statute like that, of themselves merely make that legal and possible which there would otherwise be no authority or right to do. The presumption is that in substituting the word "may" for the term " it shall be lawful," it was only intended to shorten the statute by using the word which in its ordinary signification had the same meaning as the term for which it was substituted.

The rule of construction, when there has been a revision, is that the old law was not intended to be altered, unless such intention plainly appears in the new Code. " The legislative mind," as was said by Judge Moncure in *Parramore* v. *Taylor*,

11 Gratt. 220, 242, in speaking of the revision of 1849, "was fixed on the then existing law as the text, to be altered only as occasion might seem to require. Great alteration was made in words and phraseology, while comparatively little was made in substance." And in the case of *Owners of Steamboat Winonah* v. *Bragdon*, 21 Gratt. 685, 695, the same learned judge, in considering the meaning of a section found in the Codes of 1803, 1814, 1819, 1849, and 1860, said: " The established rule of con- struction of the latter Codes, or rather of the Code of 1849, is, that an intention not to change the law will be presumed, unless a contrary intention plainly appear."

There is nothing in the provisions of the Code of 1849 or of the Code of 1887 on the subject which shows any intention to alter the law, nor did any reason exist, so far as we can see, when these revisions were made, why a judge of a circuit court should not be allowed to sue or be sued in any county or corporation in his circuit which did not equally exist when the provisions of the Code of 1819 were enacted. In addition, the report of the revisors, who were among the most learned lawyers of the Commonwealth, shows that, in substituting the word "may" for the term " it shall be lawful," they did not intend to make any change in the law. The third section of chapter 169, as reported by them, provided that "Any action or suit mentioned in the two preceding sections" (which were the same, so far as they affect this case, as sections 3214 and 3215 of the Code of 1887), "may be in a circuit, county or corporation court of any county or corporation wherein it is allowed thereby to be brought, except that an action or suit against a judge of a circuit court shall not be in a county or corporation court, unless it be brought under some other clause of the first section than the fifth."

If it were intended that a circuit judge could not sue or be sued (in such a case as is contemplated by the fifth clause of section 1 of chapter 169 of the Code of 1849) under the first clause of that section, or under the second section of that chapter,

but only under the fifth clause of section 1, why make any such provision as is contained in the latter part of section 3?

There is nothing, as it seems to us, in the clause under consideration, or in its context, or in the revisions which our laws have undergone, to show that it was the intention of the law-making power to use the word "may," in the clause in question, in the sense of "may only."

If the construction insisted upon had no other effect than to prevent a judge from suing and being sued in his own court, and thereby did away with the necessity of removing the cause to some court of which he was not the judge, or of having some other circuit judge hold the court for him and hear the case, there would be much more force in the contention. But that is not the only result that would follow. Such a construction would take away the jurisdiction of courts other than his own, which, but for such construction, would have jurisdiction of the case. It would prevent a circuit judge, in such a case, from suing or being sued in any corporation or other court in any county or corporation in his circuit which might otherwise have jurisdiction of the case. If, in the case under consideration, the debt or demand asserted had been against two persons, one of whom resided in Shenandoah county and the other in the city of Richmond, upon a cause of action which arose in the city of Lynchburg, or if the judge, with another who resided in Richmond, was liable upon a cause of action which arose in Lynchburg, no action or suit could be brought in any court in the judge's circuit, nor in the city of Richmond, nor in the city of Lynchburg, but could only be brought in some court in a circuit adjoining the twelfth circuit.

What reason is there in the cases supposed why the actions or suits should not be brought in some court in Richmond or Lynchburg? Yet, if the word "may" must be construed as "may only," actions or suits could only be brought in an adjoining circuit.

We are of opinion that the Circuit Court of Shenandoah county had jurisdiction of the case, and that the demurrer to the plea ought to have been sustained. We are further of opinion that the demurrers to the pleas to the jurisdiction of the Circuit Court for Clarke county, to which the case had been removed, should also have been sustained. Section 3216 of the Code.

The judgment complained of must be reversed, and the cause remanded for further proceedings.

*Reversed.*