### Richmond.

PUCKETT v. MULLINS' ADMINISTRATOR.

December 6, 1906.

1. EVIDENCE—*Death of an Original Party—Testifying for Adversary— Competency of Survivor—Code, sections* 3346, 3349.—Where one of the original parties to a contract is called to testify and does testify on behalf of his adversary, and thereafter, while such adversary is being examined in chief in his own behalf, the first-mentioned party dies, the adversary becomes incompetent to testify. The first-mentioned party has not testified, nor is his evidence offered in his own behalf, and the adversary is not rendered competent either by section 3346 or section 3349 of the Code.

Appeal from a decree in chancery of the Circuit Court of Tazewell county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*W. H. Werth,* for the appellant.

*Chapman & Gillespie* and *A. S. Higginbotham,* for the appellee.

WHITTLE, J., delivered the opinion of the Court.

This is a suit in equity, instituted by the appellant, Thomas Puckett, to enjoin the sale of property under a deed of trust executed by him to secure a bond for $1,290, payable to appellee's intestate, Austin Mullins.

The transactions between these parties embraced numerous

items, mostly of small amount, and covered a period of more than fifteen years.  During that time there were four settlements between them, Puckett in each instance executing a deed of trust to secure the balance ascertained to be due.  These sums did not represent distinct debts, but the amount of indebtedness secured by each successive deed was composed of unpaid balances due on the preceding settlement, together with accumulated interest and intervening debits.  The deeds of trust were as follows: The first bearing date June 1, 1887, for $200; the second, June 11, 1892, for $590; the third, September 15, 1893, for $893.59; and the fourth and last deed, June 24, 1902, for $1,290.

The gravamen of the bill is that the plaintiff was an ignorant, unlearned man, and was under the influence of the defendant, in whom he reposed confidence; that Mullins, taking advantage of these conditions, overreached the plaintiff in the settlements referred to, and failed to allow credit for payments to which Puckett was entitled, and by fraudulent methods of casting accounts made the indebtedness appear larger than it really was.  The bill also charged that the balances were attained by compounding interest on previous settlements at the rate of ten *per centum per annum*.

There was a demurrer to the bill, and a general denial of its allegations by answer; and for further defense the defendant tendered a plea (under section 2823, Virginia Code, 1904), by which he averred that the deed of trust of September 15, 1893, secured a bond executed by the plaintiff that day for the amount then due, payable one day after date, "with interest from date," which, according to its legal import, only bore six *per cent*. interest (*Ward* v. *Cornett*, 91 Va. 676, 22 S. E. 494, 49 L. R. A. 550); and that more than twelve months having elapsed after this renewal before suit was brought, plaintiff's right to rely upon the charge of usury was barred by limitation.

The trial court overruled the demurrer, but at the final hearing dismissed the bill.

The appellant relied mainly upon his own testimony to impugn the integrity of the appellee's demand; and his competency as a witness, which was denied, therefore becomes an important question in the case. The matter of his competency arose in this way: The plaintiff gave notice to take depositions, whereupon the defendant, who was present with his counsel, was called to testify on behalf of Puckett, subject to the rules prescribed by statute for the examination of a party having an adverse interest, and his deposition was accordingly taken. At a subsequent day Puckett was introduced as a witness in his own behalf, and, pending his examination in chief, the defendant died, and the taking of depositions was postponed until the case was revived. The examination of Puckett was thereafter resumed, and his deposition taken over the objection of the administrator.

Austin Mullins having been rendered incapable of testifying by reason of death at the second taking of the plaintiff's deposition, the disqualification of the latter is fixed by the terms of section 3346 of Virginia Code, 1904. Such was the construction placed upon a similar statute in the case of *Keran* v. *Trice*, 75 Va. 690, the court there holding that although one of the parties had testified in his own behalf, and afterwards died, the other party was, nevertheless, incompetent.

It is sought, however, to distinguish the present statute from that construed in *Keran* v. *Trice;* but it would seem obvious that there is no substantial difference between the two enactments. The former statute provides that where one of the original parties to the contract or other transaction "is dead," the other party shall be incompetent; while the corresponding language of the present statute is, that where one of the original parties to the contract or other transaction "is incapable of testifying by reason of death," the other party shall be incompetent to testify. There can be no difference in the legal effect of the phraseology of the two statutes.

Judge Burks delivered the opinion of the court in *Keran* v.

*Trice,* and was also one of the revisors of the Code of 1887, in which the change in the language of section 3446 was first made. In his address before the Virginia State Bar Association, on the revision of the statute law of the state, he observes: "Let me premise that the expositor of the Code should keep in mind the rule of construction, that in a general revision of the statutes of a state the change of phraseology in a former statute does not *necessarily* imply an intention to change the law—that is, its meaning. On the contrary, the established rule is, that 'the old law was not intended to be altered, unless such intention plainly appears in the new Code.'" Citing *Parramore* v. *Taylor,* 11 Gratt., page 242; *Wenonah* v. *Bragdon,* 21 Gratt. 695. See also *Harrison* v. *Wissler,* 98 Va. 597, 36 S. E. 982.

This is a much stronger case for excluding the testimony of Puckett than for the rejection of Keran's evidence in the case referred to; for in the latter Trice had been regularly introduced as a witness and fully examined in his own behalf, whereas in this case Mullins was called to testify for his adversary before any other witness had been examined for the plaintiff, and when it was impossible for him to anticipate and rebut the evidence of his adversary.

The value of the decision in *Keran* v. *Trice* is also attempted to be impaired by the suggestion that it is not in accordance with the weight of authority elsewhere. However that may be, it is the deliverance of our own court, construing a local statute (and in our opinion correctly construing it), and we are not disposed to depart from the decision as a precedent, except to the extent to which it has been modified by section 3349, Virginia Code, 1904. It is clear that the foregoing section is pertinent only where an original party, with whom the contract or transaction was solely made or had, or his agent, has been examined in his own behalf—or in case of the agent, in behalf of his principal—and afterwards died, or becomes otherwise legally incapable of testifying, and those representing that side of the controversy prove the oral testimony or read the

deposition in evidence.   In such case the adverse party may testify as to the same matters.   But the statute manifestly has no application under the facts of this case.

We have carefully scrutinized the evidence, and with the testimony of Thomas Puckett out of the case, there is no escape from the conclusion arrived at by the Circuit Court, that the plaintiff has utterly failed to establish the essential allegations of his bill by that clear and satisfactory preponderance of evidence required in suits of this character.

There is a notable resemblance between this case and that of *Hamilton* v. *Stephenson, ante,* p. 77, decided at the present term, where the court, upon more cogent evidence, denied the prayer to reopen settlements of long standing and order an account.

Upon the whole case, we are of opinion that the decree of the Circuit Court of Tazewell county is plainly right, and ought to be affirmed.

*Affirmed.*