## McKee, Executor, *v.* McKee et al.

[No. 7,603. Filed December 6, 1910. Rehearing denied February 16, 1911.]

1.  Judgment.—*Res Judicata.*—*Conveyances.*—*Support.*—A judgment for defendant grantee, in a suit by a grantor to set aside a deed made in consideration of support and maintenance, on the ground that the grantee failed to support the grantor, and a judgment for the grantor for damages and for possession of the real estate during her life, a life estate having been reserved in the deed, preclude any person subsequently furnishing support or maintenance to such grantor from claiming that such grantee, during the period covered by such grantor's complaint, failed to furnish such support and maintenance. p. 164.

2.  Executors and Administrators.—*Claims Against.*—*Evidence.*— *Interested Parties.*—Where a claimant who furnished support to a grantor filed her claim against the grantor's estate, making the grantee a party and praying subrogation to the rights of the grantor, and the establishment of a lien on the granted land for the amount of her claim, the consideration for the conveyance being support and maintenance, which the plaintiff alleged had not been furnished, the testimony of the defendant grantee as to things happening during the life of the grantor is admissible, where, in a suit by the grantor against the grantee to set aside such deed for failure of the grantee to support the grantor, the grantor's testimony was taken, and where it was available in the claimant's action (§521 Burns 1908, §498 R. S. 1881). p. 165.

3.  Appeal.—*Right Result.*—Where a case has been fairly tried and a right result reached, the judgment will be affirmed. p. 165.

From Probate Court of Marion County (9,098); *Frank B. Ross*, Judge.

Action by Laura McKee against James McKee, as executor of the will of Rhoda Rariden, deceased, and others. From a judgment for plaintiff against such executor, he appeals. *Affirmed.*

*James C. Mathews,* for appellant.

*Jesse D. Hamrick, Henry Clay Allen* and *Doan & Orbison,* for appellees.

Comstock, J.—Appellee Laura McKee filed her complaint in two paragraphs against the estate of Rhoda Rariden, deceased. In the first paragraph she alleged that said estate was indebted to her in the sum of $1,005.50, on account of services rendered decedent by said appellee during a period of two years, and for boarding and caring for her during said term; that said services were rendered at the request of said decedent, and under an agreement that she would recompense said claimant for them; and that there are no claims or set-offs.

It is further alleged that on April 22, 1903, decedent transferred to appellee Julia F. Caplinger certain real estate by warranty deed, which deed reserved to said decedent a life estate in said property; that as a part of the consideration for said real estate said Julia was to care for and keep decedent during the remainder of her life, and to provide her a decent burial at her death. A copy of said deed is made a part of each paragraph of complaint. It is further alleged that said Julia drove decedent from her home, and compelled her to seek other places to board, at a time when she was about eighty-three years of age; that she afterwards made her home with claimant, and that claimant cared for, boarded and kept said decedent during the remainder of her natural life; that said Julia refused to pay any part of said board or of the expense incidental to the care of said decedent; that all of the board and care herein mentioned by claimant was rendered after the exe-

cution of said deed and after said Julia had accepted said property and entered into possession of it.

Each paragraph asks that a lien be declared against the real estate transferred to said Julia.

The second paragraph is based on a written statement of indebtedness as follows:

"October 16, 1907.

There is due Laura McKee the sum of $4.50 a week for my board from October 28, 1905. Also the sum of $150 for nursing in my two spells of sickness.

her
Rhoda x Rariden.
mark

Witness: Winnie Sharkey."

It also contains the averments as to the execution of the deed, the failure of said Julia F. Caplinger to provide for her, etc., substantially as set out in the first paragraph. It is also alleged that decedent left no estate whatever except her interest in said property as set forth in said deed.

To this complaint the executor, James McKee, filed an answer in two paragraphs, the first, a general denial. In the second paragraph said executor set up the transfer to Julia F. Caplinger by Rhoda Rariden, deceased, of the whole of her estate on April 22, 1903, and asks that said estate be subrogated to the extent of any judgment that might be rendered in favor of claimant, Laura McKee, and that said real estate be ordered sold for the payment of said judgment and the other debts of said estate.

Appellee Julia F. Caplinger answered in three paragraphs, (1) general denial, (2) former adjudication, and (3) payment. To the second and third paragraphs of said answer appellee Laura McKee replied by general denial.

Appellee Julia F. Caplinger also replied to the second paragraph of the executor's answer, (1) general denial, and (2) former adjudication.

Appellee Laura McKee was given judgment against the

estate of decedent for $621.93, of which amount $90 was declared to be a preferred claim. The court found in favor of appellees Caplinger, and denied appellant's and appellee Laura McKee's prayers for subrogation and lien against the real estate so transferred by decedent to appellee Julia F. Caplinger. Appellant's motion for a new trial was overruled, and for this action of the court appellant asks for a reversal.

Under this assignment appellant presents five propositions as follows: (1) The decision of the court is contrary to law; (2) the court erred in permitting appellee Julia F. Caplinger to testify as a witness, over the objection of appellant, to matters occurring during the lifetime of appellant's decedent, Julia F. Caplinger being a party to said cause and a necessary party, and said cause being one in which her interests were adverse to the estate; (3) the court erred in overruling appellant's motion to strike out the testimony of said Julia F. Caplinger; (4) the court erred in permitting appellee, James B. Caplinger to testify as a witness, over the objection of appellant, to matters occurring during the lifetime of appellant's decedent, said James B. Caplinger being a party to said cause and a necessary party to said cause, and said cause being one in which his interest was adverse to said estate; (5) the decision of the court is clearly against the weight of the evidence.

It appears from the record that decedent, after she came to the home of plaintiff Laura McKee, brought suit against appellees Caplinger. In her complaint in that suit she set up substantially the same facts as to the execution of the deed and the failure of defendants to care and provide for her as are alleged in the complaint before us, and asked that said deed be set aside and declared null and void. Upon the hearing of said cause judgment was rendered against her. The deed stood. The life estate remained.

It also appears that a few days before her death dece-

dent, in another action against the Caplingers, recovered judgment for possession of the land in controversy and for damages, but that she did not take possession.

These judgments still stand unreversed and unappealed from, and all matters which might. or should have been adjudicated in either of said causes must be deemed settled. The claimant and appellant are bound by these judgments, and there were no rights in the real estate to which either could be subrogated.

There was no error in the admission of the testimony of which complaint is made. The record shows that upon the trial of the case of Rhoda Rariden v. Caplinger, the testimony of Rhoda Rariden as to the same matters 2. there involved was taken. §521 Burns 1908, §498 R. S. 1881. See, also, *Coble* v. *McClintock* (1894), 10 Ind. App. 562; *Hatton* v. *Jones* (1881), 78 Ind. 466.

Appellees Caplinger question the sufficiency of the answer of appellant, deny that he has any standing in court, and ask that the assignment of cross-errors filed by appellee Laura McKee, and not supported by any brief, be stricken out. Upon these matters we have taken the view 3. most favorable to appellant, but, without passing upon them, we conclude, after an examination of the whole record that the cause was fairly tried and a correct conclusion reached.

Judgment affirmed.