Syllabus.

Staunton.

CHAPMAN AND OTHERS V. RICHARDSON.

September 19, 1918.

1. STREETS AND HIGHWAYS—*Appeal and Error—Review of Decision of Board of Supervisors by Circuit Court.*—The finding and order of a board of supervisors that a road and landing ought not to be established and the dismissal of the application for the establishment of the landing and road are reviewable by the circuit court, under section 944a, subsection 5, Pollard's Supplement 1910.

2. STREETS AND HIGHWAYS—*Appeal and Error—Review of Decision of Board of Supervisors by Circuit Court.*—From the early history of the Commonwealth to the present time, the different statutes on the subject have given an appeal of right to *any person* who thinks himself aggrieved by an order in a controversy concerning a county road.

3. STREETS AND HIGHWAYS—*Appeal and Error—Review of Decision of Board of Supervisors by Circuit Court—Finality of Decision.*—Whenever the board of supervisors reach the point in the investigation where they are of opinion that the road or landing ought not to be established, then it becomes their duty to proceed no further, but to enter an order to that effect and to dismiss the application. Obviously, such order is a finality in that tribunal so far as the applicant is concerned, and to say that he has no appeal from such order "at that stage of the proceedings" amounts to an absolute denial of his right of appeal. The order expressly denies the application and dismisses the proceeding, which ended the controversy, and there could be no subsequent "stage of the proceeding."

4. STATUTES—*Construction—Revision.*—The general rule of construction of statutes is firmly established by the decisions of the Supreme Court of Appeals, that where there has been a revision of the laws the presumption is that the old law was not intended to be changed unless a contrary intention plainly appears in the new.

Error to an order of the Circuit Court of New Kent county, dismissing an appeal from an order of the board of supervisors refusing the application for the establishment of a public road and landing.

*Reversed.*

The opinion states the case.

*Isaac Diggs,* for the plaintiffs inff error.

*Henley, Hall, Hall & Peachy* and *Herbert I. Lewis* and *Manly H. Barnes,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

This was an application by E. C. Chapman and other citizens of New Kent county to the board of supervisors for the establishment of a public landing on York river in that county and a public road leading thereto.

The general road law applicable to the case is composed of a compilation of enactments taken from various acts of the General Assembly, and is found or referred to in 3 Va. Code Ann. (Supp. 1910), sec. 944-a, which is divided into a number of subsections.

Viewers were appointed as provided by subsection (2), who reported favorably as to the establishment of the road and landing. Their report showed that only the land of W. P. Richardson would be affected, and indicated the quantity of land necessary to be taken and what, in their opinion, would be a just compensation therefor. The board of supervisors rejected the report, and, as required by statute, made an order that the opinion of the board was against establishing the road and landing, and dismissed the application. From that order the applicants took an appeal of right to the circuit court. The board of supervisors were made parties and the land owner summoned to protect his

interest. He, thereupon, entered a special appearance at the next term of the court and submitted a motion to dismiss the appeal on the grounds that such appeal did not lie "at that stage of the proceedings," and also because "no appeal was provided from the order with respect to the landing." The court sustained the motion on the first ground, and dismissed the appeal with costs; and from that order. this appeal was granted. The sole question for. our determination, therefore, is: Was the finding and order of the board of supervisors that the road and landing ought not to be established and dismissing the application reviewable by the circuit court?

The answer to that question depends upon the correct interpretation of subsection (5), the pertinent parts of which read: "Upon the return of said process duly executed, defense may be made to the said proceedings by any party, and the board of supervisors may hear testimony touching the expediency or propriety of establishing or altering the road or landing. Upon such hearing, *unless the board of supervisors be of opinion that the road or landing ought not to be established or altered, in which case it shall so order,* it shall proceed to fix upon a just compensation," etc. (Italics supplied.) "If such applicant, proprietor, or tenant, is dissatisfied with the decision of the board of supervisors in respect to the opening or location of the proposed road, or the amount of compensation allowed, he may of right appeal to the circuit court of said county, and the said court shall hear the matter *de novo,* with the further right of appeal as provided by general law. Upon the hearing of said appeal, the said court shall ascertain, and by its order determine, first, whether said road ought to be established at all; and if so, where; second, if established, the amount of compensation," etc. Acts 1910, pages 251-2.

From the early history of the Commonwealth to the present time, the different statutes on the subject have

given an appeal of right to *any person* who thinks himself aggrieved by an order in a controversy concerning a county road. Thus, when the original jurisdiction over public highways was vested in the county and corporation courts, an appeal of right from the order of such courts lay to the circuit court, with the ultimate right of appeal under the general law governing appeals to this court.

The statutes granting such appeals are substantially the same. 1 R. C. 1819, p. 194, sec. 18; Code 1849, ch. 182, p. 682, sec. 1; Code 1887, sec. 3453. And, as we have seen, under the compilation of the road law referred to above, a similar appeal of right is *in terms* preserved to the applicant from an order of the board of supervisors denying the application, when the board is of opinion "that the road or landing ought not to be established or altered."

The general rule of construction of statutes is firmly established by the decisions of this court, that where there has been a revision of the laws the presumption is that the old law was not intended to be changed unless a contrary intention plainly appears in the new. Address of Judge E. C. Burks, Reports Va. State Bar Association, Vol. 4, p. 116; *Harrison* v. *Wissler,* 98 Va. 597, 36 S. E. 982; *Puckett* v. *Mullins,* 106 Va. 248, 55 S. E. 676; *Wright* v. *Collins,* 111 Va. 810, 68 S. E. 942.

As was said by Moncure, J., in speaking of the revision of 1849, in *Parramore* v. *Taylor,* 11 Gratt. (52 Va.) 220, 242, "Great alteration was made in words and phraseology, while comparatively little was made in substance." So, we find in the revision of the road laws, though the diction has been varied to meet changed conditions, nevertheless, the legislative purpose is plain to reserve "to the applicant, proprietor, or tenant, who is dissatisfied with the decision of the board of supervisors in respect to the opening or location of the proposed road, or the amount or compensation allowed," an appeal of right to the circuit court, which

"shall hear the matter *de novo*, with the further right of appeal under the general law." It is also clear that an order of the board of supervisors, "that the road or landing ought not to be established or altered," is both within the language and contemplation of subsection (5) giving to the applicant an appeal of right to the circuit court. Such order is required by law to be made; and it is made the duty of the court upon hearing the appeal to "ascertain and by its order determine, first, whether said road ought to be established at all; and, if so, where located; second, if established, the amount of compensation to which such proprietor is entitled * * *." In the light of the context and the legislative history bearing on the subject, the provision is too plain to be misunderstood. Whenever the board of supervisors reach the point in the investigation where they are of opinion that the road or landing ought not to be established, then it becomes their duty to proceed no further, but to enter an order to that effect and to dismiss the application. Obviously, such order is a finality in that tribunal so far as the applicant is concerned, and to say that he has no appeal from such order "at that stage of the proceeding" amounts to an absolute denial of his right of appeal. The order expressly denies the application and dismisses the proceeding, which ended the controversy, and there could be no subsequent "stage of the proceeding."

For these reasons the order of the circuit court dismissing the appeal from the board of supervisors must be reversed, and the case remanded for further proceedings to be had therein in accordance with the provisions of the statute in such cases made and provided.

*Reversed.*