GOEHRING, APPELLEE, *v.* DILLARD, A MINOR; DILLARD, ADMR., APPELLANT.

(No. 3649—Decided May 5, 1944.)

*Messrs. Brouse, McDowell, May & Bierce,* for appellee.

*Messrs. Wise, Roetzel & Maxon,* for appellant.

WASHBURN, J. A brought a suit against B, a minor, for damages for personal injury suffered by A in a collision of a car he was driving with a car driven by B at intersecting streets.

A guardian *ad litem* for B was duly appointed, and he filed, not the formal answer of a guardian *ad litem,* but an answer joining issue generally on the allegations of the petition and pleading contributory negligence.

The case being at issue, A, by deposition and as upon cross-examination, took the evidence of B, and at the same sitting B likewise, upon cross-examination, took the evidence of A; and at the subsequent trial it was evident that the question of liability depended upon the evidence of said two parties and the physical facts concerning the collision.

Thereafter B entered the armed services and was killed, and the cause was regularly revived in the name of B's administrator. The entry of revivor, which was approved by counsel for both parties, stipulated that the action should proceed "to final determination, on the issues made by the pleadings heretofore filed herein, without amendment, refiling or reverification."

Such revivor, with the consent of the administrator, was made within the time provided by law for the presentation of claims by creditors. No claim was presented to and disallowed by the administrator.

At the proper time before trial, the deposition of B was duly filed by A, and at the trial A offered said deposition in evidence; and the court, over the objection of B's administrator, admitted the same and permitted A to testify concerning the facts as to which B had testified in his deposition.

We are of the opinion, and hold, that, under the circumstances, no presentation to, and rejection by, the administrator of the claim was necessary. The revivor of the action rendered unnecessary a presentation of the claim. That has been the settled law of the state for many years, and we do not find that any recent section of the Code changes that rule.

We are also of the opinion, and hold, that it was not error to permit the plaintiff to introduce the deposition of the deceased defendant, nor to permit the plaintiff to testify as to the specific matters testified to by the defendant.

We know of no case in Ohio in which this exact ques-

tion has been presented for determination, and we have been unable to find in the cases in other jurisdictions cited by counsel that the precise question has been determined.

In the consideration of the question involved, it should be kept in mind that the deposition in this case was not that of a mere witness, but was of a party to the suit; that at the same time said deposition was taken, the deposition of the other party to the suit (the plaintiff) was taken; that at said time both of the parties were competent to testify to the matters contained in their respective depositions; that at the time of the taking of such depositions the case was at issue; that, owing to war conditions, the taking of such depositions was somewhat in the nature of perpetuation of evidence; that, regardless of which party took the depositions, they were, when filed, available to both parties alike, and thus the plaintiff had a perfect right to introduce the deposition of the defendant; and that the statute (Section 11495, General Code, paragraph 8) provides that ''If a party dies and his deposition be offered in evidence, the opposite party may testify as to all competent matters therein.'' It should also be borne in mind that the spirit of the statute of which the foregoing is a part, is to protect a party whose mouth has been closed by death and who is unable to give his version of the controversy to the jury, and should not be construed to protect one who has given his version of the controversy by deposition.

The administrator for the defendant had a perfect right to introduce the defendant's deposition in evidence, and had that been done, there could be no question about the right of the plaintiff to testify as to the facts testified to by the defendant in said deposition. Under such circumstances, it seems to us that the mere fact that the deposition was introduced by the plaintiff should not defeat his right to testify.

We have also examined the following claims of error:

"In sustaining the demurrer of appellee to the third defense of the supplemental answer of appellant," "in overruling the motion of appellant for judgment on the pleadings and the opening statement of counsel for appellee," "in overruling the motion of appellant objecting to the introduction of any evidence on behalf of appellee," and "in overruling the exceptions of appellant filed to the deposition of Ransie Dillard filed herein by appellee"; also the claims of error in the general charge of the court, and in the refusal of the court to give to the jury before argument a certain written request of appellant (which we find was sufficiently covered by the giving of another request of appellant before argument); and we have also considered the claims that there was error of the court in refusing to direct a verdict for the appellant, in refusing to enter a judgment for defendant notwithstanding the verdict, and in refusing to enter a judgment for appellant on the special findings of fact; and considering all of said claims in connection with the record in the case, we find no prejudicial error in reference thereto.

The appellant submitted certain interrogatories to be answered by the jury, and they were so answered; and we are of the opinion that the findings of the jury are not manifestly against the weight of the evidence, and further that the verdict of the jury is sustained by sufficient evidence and is not contrary to law.

One other error is claimed, and that is that the damages awarded by the jury are excessive and appear to have been given under the influence of passion and prejudice; and on that claim we also find against appellant.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.