PARKS, APPELLANT, *v.* FORD; FORD ET AL., EXRS., APPELLEES.

(No. 39296—Decided December 15, 1965.)

*Mr. Ben F. Kelly* and *Mr. Lawrence V. Cregan*, for appellant.

*Mr. Comus M. Beard*, for appellees.

ZIMMERMAN, J. There are two questions for determination: (1) May a defendant's deposition taken by her attorney

and duly filed in the action before her death be read into evidence at the trial by plaintiff as a part of her case in chief? (2) If the reading of such deposition by plaintiff is proper and authorized, may plaintiff then testify in her own behalf with respect to the competent and relevant matters contained in such deposition?

In asking a reversal of the judgment of the Court of Appeals, plaintiff relies principally on two sections of the Revised Code.

Section 2319.22, as effective since 1955, reads:

"Depositions taken by either party in an action for damages for personal injuries, and before the death of such party taking the depositions, may be read by the surviving party or parties to the action or by the administrator or executor of the estate of such deceased party in an action for personal injuries, or in any action for damages or wrongfully caused death resulting from the same personal injuries, so far as such depositions are relevant to the issues in the action for damages or wrongfully caused death."

To the writer, at least, the quoted statute is not altogether clear. But, when it is interpreted in connection with the second paragraph of the syllabus in the case of *Goehring* v. *Dillard, a Minor* (1945), 145 Ohio St. 41, 60 N. E. 2d 704, 158 A. L. R. 299, it probably means that the deposition of a party to an action, taken before his death, may be introduced and read on the trial by *any* surviving party to the action, no matter on which side of the case he may be, and, of course, it may be introduced and read by the executor or administrator of such deceased party.

Section 2317.03, as effective since 1955, recites in part:

"A party shall not testify when the adverse party is * * * an executor or administrator * * * except:

"* * *

"(H) If a party dies and his deposition is offered in evidence, the opposite party may testify as to all competent matters therein."

Such last-quoted section, then subparagraph 8, Section 11495, General Code, was interpreted and applied in the case of *Goehring* v. *Dillard, a Minor, supra,* where the deposition of

a deceased defendant was held properly admitted in evidence by plaintiff against the decedent's administrator. The second paragraph of the syllabus in that case reads:

"Where the deposition of a defendant is duly filed in an action properly revived against defendant's administrator, such deposition may be read in evidence [by plaintiff] and the plaintiff may thereafter testify as to all competent matters contained in such deposition."

Previously, the same case was decided by the Court of Appeals for Summit County and is reported in 74 Ohio App. 259, 58 N. E. 2d 435. The language used by Judge Washburn in the opinion seems logical and persuasive to a majority of this court. He said:

"In the consideration of the question involved, it should be kept in mind that the deposition in this case was not that of a mere witness, but was of a party to the suit; that at the same time said deposition was taken, the deposition of the other party to the suit (the plaintiff) was taken; that at said time both of the parties were competent to testify to the matters contained in their respective depositions; that at the time of the taking of such depositions the case was at issue; that, owing to war conditions, the taking of such depostions was somewhat in the nature of perpetuation of evidence; that, regardless of which party took the depositions, they were, when filed, available to both parties alike, and thus the plaintiff had a perfect right to introduce the deposition of the defendant; and that the statute (Section 11495, General Code, paragraph 8) provides that 'If a party dies and his deposition be offered in evidence, the opposite party may testify as to all competent matters therein.' It should also be borne in mind that the spirit of the statute of which the foregoing is a part, is to protect a party whose mouth has been closed by death and who is unable to give his version of the controversy to the jury, and should not be construed to protect one who has given his version of the controversy by deposition.

"The administrator for the defendant had a perfect right to introduce the defendant's deposition in evidence, and had that been done, there could be no question about the right of the plaintiff to testify as to the facts testified to by the defend-

ant in said deposition. Under such circumstances, it seems to us that the mere fact that the deposition was introduced by the plaintiff should not defeat his right to testify."

We can see no real difference in principle between the instant case and that of *Goehring* v. *Dillard*. Compare *Coble* v. *McClintock, Exr.*, 10 Ind. App. 562, 38 N. E. 74; and *Wolfson* v. *Chelist, Exr.* (Mo.), 284 S. W. 2d 447. See, also, 58 American Jurisprudence 208, Section 354.

In our opinion, the two questions posed at the beginning of this opinion should be answered in the affirmative. Lending support to the position taken is the case of *In re Estate of Butler*, 137 Ohio St. 96, 113, 28 N. E. 2d 186, 195, where it is remarked:

"Section 11493, General Code [Section 2317.01, Revised Code], abrogates the common-law rule as to the competency of witnesses and makes all persons having sufficient mentality and comprehension competent to testify in all cases. Sections 11494 and 11495, General Code [Sections 2317.02 and 2317.03, Revised Code], are exceptions to Section 11493, General Code, and must be strictly construed. *Stream* v. *Barnard, Exrx.*, 120 Ohio St. 206, 211, 165 N. E. 727. * * *"

The above language is quoted with approval in *Smith* v. *Barrick*, 151 Ohio St. 201, 207, 85 N. E. 2d 101, 105.

As is pointed out in the case of *Roberts* v. *Briscoe*, 44 Ohio St. 596, 601, 10 N. E. 61, 64, the purpose and policy of a statute like Section 2317.03, Revised Code, are to guard the estates of decedents against the setting up of fraudulent claims or unfounded causes of action. Where one of the parties to a controversy cannot give his side of it, the other party should not be permitted to testify in his own favor. "Where there is no mutuality there should not be admissibility; and when the lips of one party * * * are closed by death the other party should not be heard as a witness. * * *" *Ibid.*, 602.

But, in the present case the original defendant by deposition voluntarily given before her death and filed in the action related the manner in which the collision occurred, and it would seem only fair in such circumstances to allow plaintiff to give her version of the incident.

The judgment of the Court of Appeals is reversed, and the

cause is remanded to the Court of Common Pleas for further proceedings in conformity with this opinion.

*Judgment reversed.*

Taft, C. J., Matthias, Herbert and Silbert, JJ., concur. O'Neill and Schneider, JJ., dissent.

Silbert, J., of the Eighth Appellate District, sitting for Brown, J.

O'Neill, J., dissenting. The issue in this case is whether a surviving plaintiff may introduce into evidence the deposition of a deceased defendant, taken by counsel for defendant with a stipulation that it was to be used by defendant, where the sole purpose of introducing such deposition is for the plaintiff to make herself eligible to testify in her own behalf and where her testimony will be contra to that of the deceased defendant in the deposition.

Involved in the determination of this question is the interpretation of two statutes, Sections 2317.03 and 2319.22, Revised Code.

Section 2317.03, Revised Code, provides in pertinent part as follows:

"A party shall not testify when the *adverse party* * * * is an executor or administrator * * * of a deceased person except:
"* * *

"(H) If a party dies and his deposition is offered in evidence, the opposite party may testify as to all competent matters therein." (Emphasis added.)

Section 2319.22, Revised Code, provides in pertinent part:

"Depositions taken by either party in an action for damages for personal injuries, and before the death of such party taking the depositions, may be read by the surviving party or parties to the action or by the administrator or executor of the estate of such deceased party in an action for personal injuries * * * so far as such depositions are relevant to the issues in an action for damages * * *."

In these two sections of the Code there are three terms

which are descriptive of parties—"adverse party," "opposite party" and "surviving party." Since the Legislature used these different terms, it obviously meant to convey a different meaning by the use of each.

The term, "surviving party," used in Section 2319.22, *supra*, can mean only one thing, the party who survives the deceased party. This is made clear by the context in which it is used, since the terms, "administrator" and "executor," are also employed. The term, "adverse party," used in Section 2317.03, *supra*, is also clear, since it refers specifically to the executor or administrator. See *Hubbell* v. *Hubbell* (1871), 22 Ohio St. 208, 221.

The term, "opposite party," also used in Section 2317.03, *supra*, is susceptible of two interpretations, referring either to the party opposing the estate, or to the party opposing the introduction of the deposition of the decedent.

To determine the meaning of this term we must look to the purpose and spirit of the statute.

In *Roberts* v. *Briscoe* (1887), 44 Ohio St. 596, the court had this statute before it. The court found that the purpose and policy behind the dead man's statute were to "guard the estates of decedents against the setting up of fraudulent defenses, and the establishment against them of fraudulent claims, or unfounded causes of action."

The court stated further that the purpose of the statute is to put both parties on an equal footing, and that the exclusion of evidence is a privilege which belongs to the executor, and which he must waive before the surviving party may testify.

From a reading of both sections cited above, it is my view that the term, "opposite party," must refer to the party opposite the party offering the deposition; that is, the person who is opposing the introduction of the deposition. In this case, that is the executor. Either party may introduce the deposition but only the opposite party to the one introducing it may testify. If the statute was meant to provide as the appellant contends, the phrase, "surviving party," should have been used instead of "opposite party."

The purpose of Section 2317.03 (H), *supra*, is not to aid the surviving party in introducing his testimony in his own

68

behalf, but merely to permit him to answer that of a decedent, if it is introduced on behalf of the estate against him. Equality of parties is achieved by the silencing of the surviving party when the deceased party has been silenced by death, and it is not for the surviving party to upset the balance against himself, in order to restore it by testifying in his own behalf. The exclusion of evidence is a privilege which belongs to the executor, and which he must waive before the surviving party may testify. See *Levy* v. *Dwight* (1888), 12 Colo. 101, 20 P. 12; *Hollis, Exr.,* v. *Calhoun* (1875), 54 Ga. 115; *Loeb* v. *Stern, Admx.* (1902), 198 Ill. 371, 64 N. E. 1043; *Crafton* v. *Inge* (1906), 124 Ky. 89, 98 S. W. 325; *Deak, Admr.,* v. *Perth Amboy Gas Light Co.,* 1 N. J. Misc. 457, 140 A. 439; *Sorrell* v. *McGhee* (1919), 178 N. C. 279, 100 S. E. 434; *Puckett* v. *Mullins, Admr.* (1906), 106 Va. 248, 55 S. E. 676; *McIndoe* v *Clarke* (1883), 57 Wis. 165, 15 N. W. 17.

I am aware that there is support in other jurisdictions for the view expressed by the majority.