# CIRCUIT COURT OF THE CITY OF DANVILLE

Linda D. Rogers,
Administratrix
of the Estate of
Larry S. Rogers,
deceased

v.

Keith H. Williams
and Piedmont Internal Medicine

October 12, 2005

Case No. CL04-198

BY JUDGE DAVID A. MELESCO

 This matter comes before the Court upon the plaintiff's motion for the recovery of certain "costs" and for the recovery of interest, accrued between the dates of the jury's verdict and the delivery by the defendants of a check in payment of the sum awarded. The jury returned its verdict on July 28, 2005, awarding the plaintiff $750,000 but making no provision for interest. On August 24, 2005, the defendants delivered to the plaintiff checks for $750,000 and $225, the amount of the taxable costs computed by the Clerk. Memoranda on the plaintiff's motion were submitted on August 26 and 30, 2005, and argument was heard on August 31, 2005. The Court has reviewed the memoranda and arguments of counsel and, for the reasons set forth below, denies the plaintiff's motion for the recovery of the requested "costs" and grants the plaintiff's motion for the recovery of interest, accrued between the dates designated.

74

The plaintiff requests that certain expenses she incurred in the preparation of Dr. Kotlaba's deposition testimony, introduced into evidence in lieu of his appearance, be taxed as costs. Dr. Kotlaba, a local cardiologist who was deposed in his Danville office, testified concerning the decedent's endocardiogram report. The plaintiff contends that, because the expense of presenting this deposition testimony was "essential to the prosecution of the suit" and Dr. Kotlaba was unavailable for trial, the expenses incurred are taxable pursuant to § 17.1-626, as construed by the state Supreme Court. This section authorizes the taxing of costs of "every further sum which the court may deem reasonable and direct to be taxed for depositions taken out of the Commonwealth, or for any other matter." Va. Code § 17.1-626 (Michie 2003). Statutes that authorize the taxing of costs are in derogation of the common law and must therefore be strictly interpreted. See *Lansdowne Dev. Co. v. Xerox Realty Corp.*, 257 Va. 392, 514 S.E.2d 157 (1999).

In *Advanced Marine Enterprises, Inc. v. PRC, Inc.*, 256 Va. 106, 501 S.E.2d 148 (1998), the state Supreme Court held that, absent a statute providing for the taxation of costs, a trial court's discretion to award costs "is limited only to those costs essential for prosecution of the suit, such as filing fees or charges for service of process." *Id.*, 256 Va. at 126, 501 S.E.2d at 160. The difficulty with the more recent authority cited by the plaintiff, including the motion before Judge Hughes, is that the expenses considered were incurred in the preparation of de bene esse depositions taken outside of the state and were therefore taxable within the plain meaning of § 17.1-626. The expenses of the defendant's deposition in *Martel v. Collins*, 47 Va. Cir. 538 (Charlottesville 1999), which was evidently taken in Virginia, were deemed "essential" because the deposition was apparently used to impeach the defendant's testimony. Here, assuming that expenses incurred in the taking of depositions within Virginia are taxable, the plaintiff has simply not established that the expense of presenting Dr. Kotlaba's testimony was "essential to the prosecution" of her cause of action. Her motion to tax as costs the expenses incurred in the preparation of this testimony must accordingly be denied.

The plaintiff requests that provision be made in the final judgment order for the accrual of interest on the jury's verdict over a period of three weeks and six days, from the July 28 verdict to the August 24 delivery of payment. Va. Code § 8.01-382 and preceding statutory provisions for interest on verdicts have long been interpreted to provide that interest accrues from the date of the verdict if the verdict does not itself allow or provide for interest. See *Holstein-Harvey-Kirk Co. v. H. Kirk & Sons, Inc.*, 150 Va. 82, 142 S.E. 373 (1928); *Fry v. Leslie*, 87 Va. 269, 12 S.E. 671 (1891). The defendant

argues that the recent revision of § 8.01-382 "overruled" this interpretation and provided instead that interest accrue from the entry of a final judgment order. However, revisions of statutes are presumed not to bring about a substantive change in existing law "unless a contrary intent plainly appears in the revised statute." *State Farm Mut. Auto. Ins. Co. v. Major*, 239 Va. 375, 378, 389 S.E.2d 307, 309 (1990) (citing *Chapman v. Richardson*, 123 Va. 388, 96 S.E. 776 (1918)). The Court cannot conclude that the revisions cited by the defendants plainly reflect a legislative intent to change the substantive meaning of § 8.01-382. The plaintiff's motion that a provision be made for the accrual of interest over the period designated above is therefore granted.