## Case No. 12,876.

### SIMONDS v. UNION INS. CO.

[1 Wash. C. C. 443.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

MARINE INSURANCE—CARGO ABANDONED—FREIGHT —RETURN VOYAGE.

1. Where the supra-cargo of a vessel which had been captured, the voyage broken up, and the cargo abandoned to the underwriters, has invested the proceeds of the outward shipment in another cargo, upon the sales of which a freight has been made; the underwriters are entitled to the profit.

2. When the outward voyage of a vessel is broken up, and the vessel insured earns freight on her return voyage; the underwriters upon her, on her outward voyage, have no claim to the freight earned after the voyage insured has been broken up.

[Cited in Hurtin v. Union Ins. Co., Case No. 6,942; Seton v. Delaware Ins. Co., Id. 12,- 675; King v. Same, Id. 7,788.]

[This was an action by Simonds against the Union Insurance Company on two policies of insurance. There was a verdict for plaintiff for the whole sum. Case No. 12,875.]

Rule for new trial.

Mr. Dallas, for the rule, argued, 1st, that the only ports to which this vessel could go, were Cape François, or some port in the bite of Leogan; and as the whole island was in a state of blockade, the underwriters would have been exonerated, if she had attempted to enter either of the ports to which she was destined; and consequently, that they could not be liable, if she was prevented from entering them. The proof relied upon, to establish the fact that the whole island was under blockade, was the captain's protest. 2d. That the proceeds of the cargo, were invested in another cargo, taken

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

in at Jamaica, to which the defendants were entitled, but it had not been allowed. 3d. That the return freight ought to have been allowed.

WASHINGTON, Circuit Justice. The deposition of the captain is positive, that only Cape François was blockaded; and there is reason to believe, from the whole evidence, that she was warned off from St. Domingo, in consequence of a suspicion that she had gunpowder on board. The protest of the captain was read, merely to impeach his deposition, and the jury believed, that only the cape was blockaded. The vessel was compelled by force to go to Jamaica, and there to end her voyage, which was a complete destruction of it. The plaintiff of course was entitled to claim for a total loss.

2. No evidence was given, of what were the proceeds of the homeward cargo, nor was it made a point on the trial. It is as likely that there was a loss, as a profit. If, however, the return cargo was purchased with the proceeds of the outward cargo, the underwriters should have credit for the proceeds of it, if there was any profit. As to the proceeds of the cargo, as it was sold at Jamaica, it was allowed. If more was made, the defendants should be credited for them. But this is no reason for setting aside the verdict, though it may be a reason for this court relieving in another way.

3. This claim is totally without foundation. The voyage was to have been out and home; but being broken up, it terminated at Jamaica; and the defendants might as well insist upon all the freights, which this vessel might have earned, if she had gone from Jamaica on a trading voyage to Europe, or the East Indies, until her return; as to the freight from Jamaica to the United States.

Rule discharged.