## Staunton.

### BROCK'S ADMINISTRATOR v. BROCK.

#### OCTOBER 4, 1895.

1. EVIDENCE—*Declarations of Assignor after Assignment.*—Declarations of an assignor, made after assignment, are not admissible in evidence against his assignee.
2. EVIDENCE—*Competency of Witness—Competent Upon all Questions.*—In an action by an administrator against a distributee of an estate, where other distributees, having an interest adverse to the defendant, have been allowed to testify on behalf of the plaintiff, the defendant is rendered competent, under sec. 3346 of the Code, to testify in his own behalf upon all questions pertinent to the issue.
3. EVIDENCE—*Advancement—Similar Advancements to Other Children.*— Where the issue is whether a bond was delivered by a parent to a child by way of advancement, it is competent for the child to prove similar advancements by the parent to the other children.
4. NEW TRIAL—*Case at Bar.*—Under the evidence in this case the court below properly refused to set aside the verdict of the jury as being contrary to the law and the evidence.

Error to a judgment of the Circuit Court of Rockingham county, rendered October 18, 1892, in an action of *detinue* wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Conrad & Conrad* and *W. B. Compton*, for the plaintiff in error.

*Strayer & Liggett*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This is an action of *detinue* brought in the Circuit Court of Rockingham county, by the administrator of Sallie Brock, deceased, against Charles J. Brock, to recover a certain writing obligatory for the sum of two thousand dollars, which was executed by the defendant to Sallie Brock in her lifetime, and, as alleged in the declaration, was, by Sallie Brock, delivered, through mistake and inadvertence, to the defendant, Charles J. Brock.

The defence is that the bond in question was a gift to the defendant from his mother, the plaintiff's intestate. Mrs. Sallie Brock was an aged lady, living in Rockingham county, and the mother of several children, themselves advanced in years. It appears from the evidence that she had practically, or certainly to a very large extent, disposed of her property during her lifetime by gifts to her children. It further appears that about a month before her death the defendant went to see his mother, and while there she asked for her papers, and, in the presence of three of her daughters, took from among her papers the bond in question, held against her son, and handed it to the defendant, saying, " I give you this." He thanked her for it, folded it, and put it in his pocket-book, and shortly afterwards left the house.

The questions presented for the consideration of the court relate chiefly to the competency of certain evidence admitted on the trial.

The contention of the plaintiff in error is that his intestate did not intend to give the defendant in error the $2,000 bond, but one for $200, and, in support of this proposition, offered to prove, by two of her daughters, declarations made by Mrs. Brock, after her gift and delivery of the bond in question to the defendant, and in his absence. The exclusion by the court of this evidence is the ground of the first and second bills of exception.

This court has repeatedly held that the declarations of an assignor, after the assignment, are inadmissible in evidence against his assignee. *Barbour* v. *Duncanson*, 77 Va. 76; *Daily's Ex'or* v. *Warren et als.*, 80 Va. 512; *Smith* v. *Beatty*, 11 Gratt. 752. This was merely hearsay evidence, and there was no error in excluding it.

The third bill of exceptions is as follows:

" Be it remembered that on the trial of this cause, after the introduction of the testimony of Mrs. Virginia White and Josie White, distributees of Sallie Brock, deceased, parties having an adverse interest to the defendant in the transaction which was the subject of investigation, the defendant, C. J. Brock, to maintain the issue on his part, offered himself as a witness for the purpose of testifying to the facts set forth in the certificate of evidence; whereupon the plaintiff objected to the introduction of said C. J. Brock, because of incompetency, occasioned by the death of Sallie Brock; but the court overruled the objection, and permitted C. J. Brock to testify."

Under section 3346 of the Code of 1887, C. J. Brock was clearly a competent witness, under the circumstances stated in this bill of exceptions. It is contended, however, that if competent at all, he was only competent to testify to matters that had already been deposed to by other witnesses in the case. This court has held that a witness is not competent for one purpose only; that, if he is competent at all, he may be examined upon all questions pertinent to the issue. *Steptoe* v. *Read*, 19 Gratt. 1. In this case C. J. Brock, the defendant, having been made a competent witness by the testimony introduced on behalf of the plaintiff, became competent to testify to all matters pertinent to the issue and that went to establish his defence.

The fourth bill of exceptions is to the action of the court in admitting testimony showing the advancements Mrs. Brock had made to her children other than the defendant. This was proper evidence to go to the jury, under the circumstances of this case. It supported the defendant's claim that his mother had given him the bond, by showing that she had given as much, and in some cases more, to each of her other children.

The fifth and last bill of exceptions is that the court refused to set aside the verdict because contrary to the law and the evidence. It appears from the record that Mrs. Brock held no other bond of the defendant but the $2,000 bond here sued for. It clearly appears that she gave that bond to her son, and it further appears that she had ample motive and reason to make the present, and did no injustice to her other children in doing what she did.

For the foregoing reasons, we are of opinion that there is no error in the judgment complained of, and it is affirmed.

*Affirmed.*