## 𝖂𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊.

TAYLOR AND OTHERS v. McDONALD AND OTHERS.

June 26, 1902.

1. CHANCERY PRACTICE—*Depositions—Exceptions—Competency of Witness—Rulings of Trial Court.*—Generally, a party who excepts to a deposition must bring his exception to the attention of the trial court and have it acted on if he wishes to rely on it in the appellate court, and unless the record shows that this has been done the exception will be treated in the appellate court as waived. This rule, however, does not apply to an exception to the competency of a party to the cause which may be passed upon in the appellate court, whether noticed by the trial court or not.

2. EVIDENCE—*Partition—Testimony of Widow.*—In a suit for the assignment of dower and the partition of the residue of the land among the heirs of a decedent, the decedent's widow is a competent witness to prove that she inherited a share in the land from her father.

3. EVIDENCE—*Witnesses—Competency—General Objection.*—A general objection to the competency of a witness who is competent for some purposes should be overruled.

4. CHANCERY PRACTICE—*Cross-Bill—General and Special Relief.*—An answer and cross-bill which set forth facts entitling the defendant to a diminution of the complainant's demand, and concludes with a prayer for general relief, need not, in specific terms, ask such dimunition.

5. COMMISSIONER'S REPORT—*Exception—Conflicting Evidence.*—The findings of a commissioner in chancery on a question of fact will not, as a rule, be disturbed where the evidence is conflicting.

Appeal from a decree of the Circuit Court of Scott county, pronounced January 18, 1901, in a suit in chancery, wherein the appellee, C. D. McDonald, was the complainant, and the appellants and others were the defendants.

*Reversed.*

The opinion states the case.

*Richmond & Bond,* for the appellants.

*R. R. Kane* and *D. F. Bailey,* for the appellee.

HARRISON, J., delivered the opinion of the court.

James Taylor, of Scott county, died intestate at an advanced age about the year 1896, possessed of certain real and personal property, leaving surviving him a widow and six children. After his death, C. D. McDonald, one of the appellees, purchased from three of the heirs their interest in the land left by James Taylor, and obtained deeds therefor. Subsequently McDonald, the purchaser of these three interests, instituted this suit against the parties, asking to have dower assigned the widow, the land partitioned among the three heirs who had not parted with their interests and himself, a complete settlement of the estate of James Taylor, deceased, and that Ira N. Taylor, a son of James, might be made to account for the rents and profits of the land during the time it had been under his control.

The land in question, as shown by the report of commissioners appointed to assign dower, consists of 224.70 acres. Upon this tract of land James Taylor and wife, both old people at the time of the husband's death, had lived for many years.

Mrs. Martha Taylor, the widow, filed an answer to this bill, in which she denies that her husband, James Taylor, was ever the owner of the entire tract of land in question, and alleges that said land belonged to her father, Samuel G. Pendleton, who died intestate; and that the same descended to her three brothers and herself, and to a grandson, the only heir of her brother, Buford Pendleton, who died in the lifetime of his father; that the land was never partitioned among the heirs of her father, but that her three brothers and the grandson conveyed their undivided interests therein to her husband, and that she is the

owner, as heir of her father, of the remaining undivided one-fifth interest in the land, which she asks may be laid off to her when her dower is assigned. The deposition of Mrs. Taylor is taken in the cause, fully sustaining these allegations, which are further supported by the testimony of her brother, Ira N. Pendleton. This answer, and the evidence in support thereof, put upon the plaintiff the burden of showing that the entire tract belonged to James Taylor at the time of his death. There is, however, no evidence in the record, on the subject, other than that offered by Mrs. Taylor in support of her claim to one-fifth of the land. Under these circumstances, it was error to hold, as was done by the Circuit Court, that Mrs. Taylor had no interest in the land. She was entitled, if the land was susceptible of partition in kind, to have her one-fifth interest laid off to her, otherwise to have the land sold and be paid her one-fifth part of the proceeds.

The deposition of Mrs. Taylor was excepted to when taken upon the ground that she was not a competent witness, and that exception is insisted upon here.

This exception was not passed upon by the Circuit Court, and does not appear to have been brought to its attention when the case was heard. The general rule is that a party who excepts to a deposition, if he wishes to rely upon the exception, must bring it to the attention of the court below, so that it may be acted upon by it, and unless the record shows that this has been done, the exception will be treated in the appellate court as waived. *Martin* v. *South Salem Land Co.*, 94 Va. 28. When, however, the exception is to the competency of a party to the cause, this rule does not apply, and the court, at the hearing, may pass upon the exception; and, whether so passed upon or not, it may be passed upon by the appellate court. *Statham* v. *Ferguson*, 25 Gratt. 28. The record discloses no reason for holding Martha Taylor to be an incompetent witness under sec. 3346 of the Code. She had alleged in her answer that she was

the owner of one-fifth of the land as the heir of her father, and there is nothing in the record to show that James Taylor ever owned this one-fifth interest, or claimed any title to, or interest therein. Again, the witness was introduced generally, and was unquestionably competent to speak as to many matters appearing in her testimony; and, the objection to her competency being general, it cannot be sustained.

It seems that Ira N. Taylor, a son of James Taylor, an unmarried man, himself considerably past the meridian of life, had lived upon this land with his father and mother all of his life, and the record shows had been, certainly for a long time, their mainstay and support. The evidence tends to show that some years before his death, James Taylor proposed to his son, Ira N., to take the farm and pay his debts. James Taylor was not a thrifty man, and it appears that he was at all times in debt, and involved in litigation. Ira N. Taylor, the son, was evidently much more prosperous, and had considerable interests outside of and apart from the land in question. The report of the commissioner, to whom the cause was referred for a settlement of the necessary accounts, shows that, at the time of the death of James Taylor, this son had paid for him, and held against his estate, debts amounting to $4,613.15. This large indebtedness was reduced by the commissioner, by charging Ira N. Taylor with rents and profits of the land for thirteen years, $1,958; and $65.12 on account of timber used, making a total credit of $2,023.12; thus leaving a balance due of $2,590.03. In reaching this result, the commissioner charges Ira N. Taylor with the use of the farm for seven years at $125 *per annum;* for four years immediately preceding the death of James Taylor, during which time he could render no assistance, at $50 *per annum;* and for two years after the death of James Taylor, $125 each year.

The Circuit Court sustained an exception to the report objecting to the reduction of the rent during the four years of James Taylor's helplessness, thus further reducing the debt due Ira N.

Taylor by $300, upon the ground that he did not, in his cross-bill, ask anything for supporting and taking care of his father. This action of the Circuit Court is assigned as error.

Under the facts disclosed by the record, the finding of the commissioner should have been sustained upon this point. In his answer, which was treated as a cross-bill, Ira N. Taylor says that his father and mother were both old people, unable to take care of themselves; that his father, for the last seven years of his life, was in a helpless condition, requiring constant attention, and that, for a number of years, he had maintained, supported, nursed and taken care of both; respondent concluding his answer and cross-bill with a prayer for general relief.

It must be observed that these allegations were in response to a bill in which he was pursued, and rents and profits of the land demanded of him by the appellee, McDonald. He had a right to defend that demand, and reduce any obligation he was under growing out of such use and occupation by showing that his father and mother in point of fact derived their support from the use and occupation of the land upon which they resided together. The commissioner has, we think, in view of the evidence, dealt most liberally with the estate, in charging Ira N. Taylor with $125 *per annum* for the use of the land. The evidence would have justified a less finding on that account, especially as nothing appears to have been allowed for the support of the father and mother except for the four years. The evidence being conflicting, however, this finding of $125 *per annum* will not be disturbed so far as applicable to the first seven years in which the charge is made. The finding of $50 *per annum* for the next four years must also stand, and the exception thereto be overruled. The commissioner, however, was in error in charging Ira N. Taylor $125 *per annum* for the use of the land for the two years following the death of James Taylor, and crediting the same on his debt against the estate, for the reason that the widow was entitled to one-third of the land as dower, and the

son could only be required to answer to her demand for use and occupation to that extent, and for the further reason that Ira N. Taylor, being himself an heir of James Taylor, and as such entitled to an interest in the land, could not be charged with the use of his own interest.

In view of the conclusion reached by this court that Mrs. Martha Taylor is, under the evidence in the record, the owner of an undivided one-fifth interest in the land, Ira N. Taylor cannot be charged with the use of that interest, in favor of the estate, for the two years following his father's death. The case will have to be sent back for further proceedings, and the report can then be reformed so as to charge Ira N. Taylor for the last two years at the rate of $125 *per annum* for the use of such portion of the land as he is properly chargeable with.

It also follows from the conclusion that Mrs. Taylor is the owner in fee simple of one-fifth of the land, that it was error to assign her dower in the whole, she being only entitled to dower in four-fifths thereof.

The record discloses no other error in the rulings of the Circuit Court that has been brought to our attention than those already pointed out.

For these reasons the decrees appealed from must be set aside, and the cause remanded to the Circuit Court to be there proceeded with in accordance with law, and not in conflict with the views expressed in this opinion.

*Reversed.*