# Richmond.

## WRIGHT AND OTHERS v. COLLINS' ADMINISTRATOR.

### January 12, 1911.

#### Absent, Cardwell, J.

1. ARGUMENT OF COUNSEL—*Right to Open and Conclude*—Whenever the defendant relies upon a plea which puts in issue the plaintiff's demand and casts upon him the burden of proof, he has the right to open and conclude the argument. It is only when the defendant pleads some affirmative matter alone, the proof of which rests upon him, that he can claim the right to commence the argument and have the reply.

2. EVIDENCE—*Removal of Incompetency—Lesislative Policy*—The policy of the legislature of this State since 1866 till the present time has been to remove the common law disability of incompetency of witnesses from interest and other cause, and not to create incompetency in any case.

3. EVIDENCE—*Action by Administrator—Testifying in His Own Behalf—Right of Adverse Party to Rebut—Code, Section 3346*— In an action by an administrator to recover on a contract with his intestate in his lifetime, where the administrator has been permitted to testify in his own behalf as to conversations had with the other party to the contract and admissions made by him since the death of his intestate, the other party is a competent witness, under section 3346 of the Code, to rebut the testimony of the plaintiff with respect to the statements alleged to have been made by the former to the latter after the death of his intestate.

4. EVIDENCE—*Admissions—Correctness of Account*—The admission by defendants that an account taken from their books and rendered to the plaintiff as administrator of his decedent's estate is correct includes both debits and credits, and must be received in its entirety, subject to the right of the plaintiff to surcharge and falsify it for errors, if any, apparent on the face of the account, or by proper evidence.

Error to a judgment of the Circuit Court of Henrico county in an action of assumpsit. Judgment for the plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*C. W. Throckmorton* and *Samuel A. Anderson*, for the plaintiffs in error.

*Smith, Moncure & Gordon* and *Hill Carter*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error brings under review a judgment for the plaintiff in an action of assumpsit by the defendant in error, Charles L. Collins, administrator of his son, Charles R. Collins, deceased, against the plaintiffs in error, Alfred Wright and Clarence E. Wright, partners doing business under the firm name of A. & C. Wright.

The defendants (in addition to the general issue of non-assumpsit), having filed a plea of set-off, under Va. Code, 1904, Ch. 160, in excess of the plaintiff's demand, claimed the right to open and conclude the argument. The denial of that contention by the court constitutes the first assignment of error.

The rule of practice is well settled that wherever the defendant relies upon a plea which puts in issue the plaintiff's demand and casts upon him the burden of proof, he has the right to begin and conclude the argument. It is only when the defendant pleads some affirmative matter alone, the proof of which rests upon him, that he can claim the right to commence the argument and have the reply. *Steptoe* v. *Harvey*, 7 Leigh 501; *Young* v. *Highland*, 9 Gratt. 16; *Valley Mut. Asson.* v. *Teewalt*, 79 Va. 421.

The next assignment of error is to the refusal of the court to permit the defendant, A. Wright, to rebut the testimony of the plaintiff, who had been introduced as a witness and had testified in chief in support of the claim asserted in his declaration.

On cross-examination the witness stated that after the death of his intestate he had a talk with the defendant, A. Wright, who admitted that his firm owed Charles R. Collins more than he at first thought; also that the work contracted to be done by plaintiff's intestate had been practically completed, and that the plaintiff might sell the team and outfit of the intestate (which had been conveyed in trust to secure a debt due to the defendants); and, moreover, that the firm of A. & C. Wright would do any work which was necessary to be done to complete the contract of the intestate, free of charge, provided the witness, as administrator, would pay a certain note amounting to $4,667.94, which he had done. (The defendants were railroad contractors, and the plaintiff's intestate a sub-contractor under them, engaged at the time of his death in constructing a section of the road-bed of the Tidewater railroad). The witness also testified to other statements alleged to have been made to him by A. Wright, which were highly prejudical to the defendants. After the plaintiff had rested his case in chief, A. Wright was offered as a witness to contradict the plaintiff with respect to the foregoing alleged statements; yet, as observed, the court declined to allow him to testify.

This assignment involves the construction of section 3346 Va. Code, 1904. It may be well to observe, in this connection, that dating from the commencement of its session of 1865-6, the legislature of Virginia has manifested a fixed policy to remove the common law disability of witnesses to testify by reason of interest, and for many other causes both in civil and criminal cases. So far as we are advised it has taken no backward step in that regard, but the tendency of all its enact-

ments has been, from time to time, to enlarge the rule of competency. *Reynolds* v. *Galloway*, 31 Gratt. 436; *Brock* v. *Brock*, 92 Va. 173, 23 S. E. 224.

Section 3346 reads as follows: "Where one of the original parties to the contract or other transaction which is the subject of the investigation, is incapable of testifying by reason of death, insanity, infancy, or other legal cause, the other party to such contract or transaction shall not be admitted to testify in his own favor or in favor of any other person whose interest is adverse to that of the party so incapable of testifying, unless he be first called to testify in behalf of such last mentioned party; or unless some person, having an interest in or under such contract or transaction, derived from the party so incapable of testifying, has testified in behalf of the latter or of himself as to such contract or transaction; or unless the said contract or transaction was personally made or had with an agent of the party so incapable of testifying, and such agent is alive and capable of testifying."

In this case Charles L. Collins testified to alleged conversations with one of the defendants after the death of his son, and, as his administrator, he was the plaintiff. In his declaration he claims $18,273.87, on account of transactions had with his decedent, and $299.23 on account of transactions with himself as administrator. It was pressed upon us in argument, that he stands in the shoes of and represents his intestate, and has "an interest in or under such contract or transaction, derived from the party so incapable of testifying," at least to the extent of commissions on any amount which he might recover; and that he certainly has such an interest in the suit as would have rendered him an incompetent witness at common law. Citing *Coalter* v. *Bryan*, 1 Gratt. 18, 87 *et seq.* In our view of the case, it is not necessary to pass upon this contention.

That portion of the act of 1876-7 corresponding to section 3346 necessary to be considered reads as follows: " * * * *

and where one of the parties is an executor, administrator, curator, or committee, or other person representing a dead person, an insane person, or a convict in the penitentiary, the other party shall not be permitted to testify in his own favor, unless the contract or other transaction in issue, or subject of investigation, was originally made or had with a person who is living and competent to testify, except as to such things as have been done since the powers of such fiduciary were assumed."

In an address delivered by Judge Burks before the Virginia State Bar Association, on the revision of the statutes of this State, he said: "The expositor of the Code should keep in mind the rule of construction that, in a general revision of the statutes of a State, the change of phraseology in a former statute does not necessarily imply an intention to change the law—that is, its meaning. On the contrary the established rule is that 'the old law was not intended to be altered, unless such intention plainly appears in the new Code.' " Report of Virginia Bar Association, 1891, p. 116; *Parramore* v. *Taylor*, 11 Gratt. at p. 242; *Winonah* v. *Brogden*, 21 Gratt. at p. 695; *Harrison* v. *Wissler*, 98 Va. 597, 36 S. E. 982; *Puckett* v. *Mullins*, 106 Va. 248, 55 S. E. 676.

It cannot be denied that A. Wright would have been a competent witness under the former statute to impeach the testimony of Charles L. Collins; and in *Godell* v. *Gibbons*, 91 Va. 608, 22 S. E. 504, in construing sections 3346 and 3348, Keith, P., on p. 610, says: "Our statute, found in sections 3346 and 3348 of the Code, was never designed to impose any disqualification upon the competency of witnesses to testify, which did not theretofore exist. It was intended to remove incompetency, and not to create it in any case."

The real subject of investigation upon which A. Wright was called to testify was whether he had made the statements imputed to him by the plaintiff, Charles L. Collins, and that

can hardly be said to come within the disqualifying influence
of the language of section 3346.  The language of the section
pertinent to this discussion has not been construed.

'Confining our ruling to the precise issue submitted by the
bill of exceptions, and interpreting the statute in the light
of the history of the legislation on the subject and of the
foregoing authorities, we are of opinion that A. Wright was
a competent witness to rebut the testimony of the plaintiff
with respect to the statements alleged to have been made by
the former to the latter after the death of his intestate,
Charles R. Collins.

As there is to be a new trial upon different evidence, we
need not notice objections to instructions founded on the evi-
dence before us.  Nor is it necessary to pass upon the suffi-
ciency of the evidence to warrant the verdict.  It is proper,
however, for us to state the rule with respect to the probative
value of an account, standing alone, taken by the defendants
from their books and rendered to the plaintiff at his request.

The account thus rendered shows items to which the plain-
tiff, as administrator, is entitled, and also payments or ad-
vances made by the defendants to his intestate in his life-
time.  The admission by the defendants that the account is
correct includes both debits and credits, and must be received
in its entirety, subject of course to the right of the plaintiff
to surcharge and falsify it for errors, if any, apparent on
the face of the account, or by proper evidence.  *Jones* v.
*Jones,* 4 Hen. & Muf. 447; *Freeland* v. *Cocke,* 3 Munf. 352;
*Robertson* v. *Archer,* 5 Rand. 319, 324; *Morris* v. *Hurst.* 1
Wash. C. C., 443; *Perkins* v. *Lane,* 82 Va. 59.

For these reasons, the judgment must be reversed, and the
case remanded for a new trial.

*Reversed.*