## Wytheville.

### SMILEY V. SMILEY'S ADMINISTRATRIX AND OTHERS.

#### June 8, 1911.

1. PARTNERSHIP—*Sharing Profits—Repaying Capital.*—In the absence of any agreement, express or implied, the general rule is that partners are to share the profits and losses of the business equally, although they may not have contributed equally to the partnership capital, but this is not the rule as to the division of the partnership capital. Partners, however, may agree between themselves for an equal division of the capital, though their input was unequal.

2. EQUITY PRACTICE—*Findings of Commissioners—Conflicting Evidence.*—Where the evidence in a case consists of the depositions of witnesses which have been taken by a commissioner or in his presence, he has the advantage of noting the demeanor of the witnesses on the stand, their intelligence and manner of testifying, and his findings on questions of fact will not, as a rule, be disturbed where the evidence is conflicting.

Appeal from a decree of the Circuit Court of Henrico county. Decree for the defendants. Complainant appeals.

*Reversed in part.*

The opinion states the case.

*R. E. Peyton, Jr.,* and *Scott, Buchanan & Cardwell,* for the appellant.

*C. W. Throckmorton,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The question to be determined on this appeal is whether or not Alfred Smiley and Warren A. Smiley owned an equal interest or share in the farm as well as in the stock and other personal property purchased and used in their

partnership business of farming and stock-raising. It is
a conceded fact in the case that Alfred Smiley, the father,
in the purchase of the farm which was conveyed to him
and his son, Warren A. Smiley, jointly, paid more of the
purchase price thereof than was paid by his son. The
claim of the son, the appellant, is that when he and his
father removed from the State of Michigan to this State
and purchased the farm for their partnership or joint
business, while no written agreement was entered into be-
tween them, it was understood and agreed that they would
devote their time, property and combined resources for the
purpose of operating the farm and the payment of the
purchase price thereof, and that everything should be held
and owned by them equally. The contention of the appel-
lees, who are the other heirs and distributees of Alfred
Smiley, deceased, and his widow, on the other hand, is
that the partners were equally bound for the payment of
the deferred purchase price of the land, and that as the
father paid more upon that account than his son, the latter
must account to his father's estate for one-half of that
excess, and that his half interest in the proceeds of the
sale of the farm, which has been sold, is chargeable there-
with.

Both the court and the commissioner were of opinion
that the father and the son were partners in the land, as
well as in the business for which it was used by them. The
commissioner, to whom was referred the question of ascer-
taining what interest the son had in the real estate, was of
opinion that the evidence established the claim of the appel-
lant that there was an agreement between him and his
father by which, although the amount contributed by each
to the partnership was unequal, yet that they were to
be equally interested in the farm as well as in the business
carried on by them, and so reported. This finding was
excepted to by the appellees and the court sustained the

exception, being of opinion that each of the partners was bound to contribute one-half the capital thereof, and that the evidence did not show that the father gave to his son any excess which he, the father, put into the partnership over the amount of money contributed by the son.

The general rule seems to be, that in the absence of any agreement, express or implied, between partners in respect to their shares in the profits and losses of the business, they are to share equally, although they may not have contributed equally to the partnership capital. Story on Partnership, sec. 24; 2 Lindley on Partnership, 676-8; 3 Min. Inst., 691-2; 3 Kent's Com. (s. p.) 28; 30 Cyc. 451. But while this is the general rule as to profits and losses, it is not the rule as to the division of the partnership capital.

In discussing this question, Lindley on Partnership, vol. 2, p. 676, says: "When it is said that the shares of partners are *prima facie* equal, although their capitals are unequal, what is meant (is) that the losses of capital, like other losses, must be shared equally; but it is not meant that on a final settlement of accounts capitals contributed unequally are to be treated as one aggregate fund, which ought to be divided among the partners in equal shares." See also *Moley* v. *Brine,* 120 Mass. 324; *Jackson* v. *Crapp,* 32 Ind. 422; *Johnson* v. *Ballard,* 83 Texas 486, 18 S. W. 686; 30 Cyc. 691-2. But the partners may by agreement provide for an equal share in the capital, although their input is unequal. See 30 Cyc. 691-2; 3 Min. Inst. 693-4.

This proposition we do not understand is controverted by the appellees, but their contention is that the evidence does not establish any such agreement between the partners.

The evidence on this question is conflicting. The witnesses were before the commissioner. There were circumstances in evidence tending to affect the credibility of some of them. Their bearing on the stand was, therefore,

an important matter in considering their testimony, especially that of the appellant, who was rendered a competent witness by reason of the other parties in interest having first testified.    Code, sec. 3346; *Brock's Admr.* v. *Brock*, 92 Va. 173, 23 S. E. 224.    If he is to be believed, and no witness contradicts him, as to the agreement between him and his father there can be no question that when he and his father came to this State, and purchased the farm, it was understood and agreed between them, notwithstanding the fact that the father had more means than the son, that they were to combine their resources in conducting their partnership business and in paying for the farm, and that the son was to have an equal interest with the father in the business, and in the ownership of the farm.    When the testimony is considered as a whole, without discussing it in detail, we are of opinion that the commissioner was well warranted in reaching the conclusion that he did, and the exceptions to his report ought to have been overruled.

Where, as was said by Judge Whittle in delivering the opinion of the court in *Lusk* v. *Pelter*, 101 Va. 790, 798, 45 S. E. 333, 336, "evidence consists of the depositions of witnesses, and they are taken by the commissioner or in his presence, he has the advantage of noting the demeanor of the witnesses, their intelligence and manner of testifying, which is of importance in judging of their credibility and weighing their evidence; the findings of a commissioner upon a question of fact will not, as a rule, be disturbed when the evidence is conflicting.    *Shipman* v. *Fletcher*, 91 Va. 479 [22 S. E. 458] ; *Taylor* v. *McDonald*, 100 Va. 487 [41 S. E. 946]."

The court is of opinion that the decrees appealed from are erroneous, in so far as they are in conflict with the views expressed in this opinion, and to that extent must be reversed and annulled and the cause remanded to the circuit court for further proceedings to be had not in conflict with this opinion.

*Reversed in part.*