## CIRCUIT COURT OF ARLINGTON COUNTY

First National Bank of Danville

v.

Daisy Lee Hash et al.

January 15, 1971

Case No. (Chancery) 20312

By JUDGE CHARLES S. RUSSELL

Having reviewed the authorities which counsel cited at the hearing of this matter on December 21, 1970, and such others as I have been able to find, it appears to me that although the former law was to the contrary (*Brock* v. *Brock*, 92 Va. 173 (1895), Code of 1887 Sec. 3346), it is now clear that all "entries, memoranda and declarations" made by the decedent during his lifetime, which tend to disclose his actual intent with respect to the bank deposit, are admissible. Code of 1950, Sec. 8-286. These declarations constitute an exception to the hearsay rule created by the statute and are admissible even though made long after the decedent created the bank deposit in question. *Wrenn* v. *Daniels*, 200 Va. 419 (1958). This is so because the controlling question is the decedent's actual intent in creating the deposit, rather than the form of the deposit contract with the Savings and Loan Association. *Quesenberry* v. *Funk*, 203 Va. 619 (1962), 10 Am. Jur. 2d "Banks" Secs. 390-392.

Even under the "Totten Trust" rule, the deposit of money in a bank for another is only presumed to be

a tentative trust, subject to revocation by any inconsistent act during the settlor's lifetime. In this case, the only evidence of Mr. Hash's actual intent with respect to the deposit in the First Federal Savings and Loan Association is his last will and testament, executed in 1965, three years after the account had been opened. His testamentary disposition of the deposit by Item 4 of the will seems to me to be a clear indication of his state of mind toward the account, i.e., that it was to be included in his estate in order that it should pass under his will to his daughter, subject to the trust powers expressed in the will. Viewed in this context, his labeling of the account with his daughter's name was consistent with a desire to segregate certain assets within his estate for her benefit so that they might readily be identified by his will for the purposes of the testamentary trust expressed therein.

The burden of proof of establishing an *inter vivos* gift falls upon the claimant donee. *Grace v. Va. Trust Co.*, 150 Va. 56 (1928). The evidence discloses no unequivocal delivery, placing the deposit beyond the control of Mr. Hash during his lifetime, so as to constitute an *inter vivos* gift, and the donee has carried no burden of proof with respect thereto. See *Rust v. Phillips*, 208 Va. 573 (1968).

Counsel for petitioner should frame a decree directing the Executor and Testamentary trustee to take possession of the savings account and to administer the same under the terms of the trust contained in Item 4 of the Last Will and Testament of Ernest Mitchell Hash.